UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 29, 2013

LETTER TO COUNSEL:

      RE:    *Ussa Thammasuvimol v. Commissioner, Social Security Administration*;
               Civil No. SAG-11-3321

Dear Counsel:

      On November 18, 2011, the Plaintiff, Ussa Thammasuvimol, petitioned this Court to review the Social Security Administration's final decision to deny, in part, her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Thammasuvimol filed her claim for benefits on February 27, 2008, alleging a disability onset date of January 6, 2006. (Tr. 79-82). Her claim was denied initially on May 14, 2008, and on reconsideration on October 17, 2008. (Tr. 44-47, 49-50). A hearing was held on December 16, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 28-37). Following the hearing, on May 7, 2010, the ALJ determined that Ms. Thammasuvimol was disabled from the onset date through July 10, 2007, and after September 9, 2009, but that she was not disabled from July 11, 2007 through September 9, 2009 ("the relevant time frame"). (Tr. 5-23). The Appeals Council denied Ms. Thammasuvimol's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that, during the relevant time frame, Ms. Thammasuvimol suffered from the severe impairments of obesity, cardiac irregularities with hypertension, and degenerative disc disease of the lumbosacral spine status post surgery. (Tr. 11). Despite these impairments, the ALJ determined that, during the relevant time frame, Ms. Thammasuvimol retained the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b)." (Tr. 15-16). Without hearing testimony from a vocational expert ("VE"), the ALJ determined that Ms. Thammasuvimol could perform her past relevant work as a customer service clerk as it is generally performed, and that she was therefore not disabled during the relevant time frame. (Tr. 18).

Ms. Thammasuvimol presents two arguments on appeal: (1) that the ALJ failed to evaluate the observations of the claim representative or her physical therapy records; and (2) that the ALJ erroneously relied upon reports submitted by Dr. Smith. Those arguments are entirely unpersuasive.[1] However, I find that the ALJ failed to create an adequate record about the requirements of Ms. Thammasuvimol's past relevant work as it is generally performed. As a result, remand is warranted.

The ALJ need not always adduce VE testimony to decide a case at step four, but may rely on information about past relevant work that is provided by the claimant. *See* 20 C.F.R. § 404.1560. In this case, because Ms. Thammasuvimol was unable to testify at her hearing, the ALJ relied upon two written function reports she completed regarding her past work duties. (Tr. 98, 116). Because Ms. Thammasuvimol had reported that her position as a customer service clerk required lifting over 50 pounds, the ALJ determined that she was unable to perform her specific position, but determined that she could perform the job of customer service clerk based upon its definition in the Dictionary of Occupational Titles (DOT). (Tr. 18). Specifically, the ALJ noted, "a customer service clerk is considered to be performed at a light exertional level and involved a specific vocational preparation (SVP) of 4. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as generally performed." *Id.* The ALJ provided no further explanation or analysis.

The ALJ had to consider all of Ms. Thammasuvimol's impairments, both severe and non-severe, in assessing whether she could meet the requirements to be a customer service clerk. *See* SSR 82–62, at *3 ("Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy."). The ALJ failed to perform those duties. As noted above, the ALJ relied solely on Ms. Thammasuvimol's few written statements regarding the requirements of her past employment in customer service and his own judgment as to what would constitute a similar position in the DOT. (Tr. 18). He did not undertake any analysis of Ms. Thammasuvimol's position with respect to her inability to meet certain requirements of her past relevant work, and did not have any specific information, other than the cursory information set forth in the DOT, of the requirements of the job "as generally performed."

---

[1] The ALJ is required only to consider, not to discuss, evidence such as the observations of a Claims Representative. *See Smith v. Comm'r of Soc. Sec.,* No. 09-80, 2010 WL 1640271 (E.D.Va. Apr. 22, 2010). Moreover, contrary to Ms. Thammasuvimol's contention, the ALJ did consider and discuss her physical therapy records. (Tr. 14). Finally, with respect to Dr. Smith, the fact that he was a workers' compensation physician does not invalidate his observations or conclusions. The ALJ's evaluation of and conclusions drawn from Dr. Smith's reports were not in error, particularly given the corroborating opinions from state agency medical consultants Drs. Ahn and Biddison.

SSR 82–62 specifically requires that the ALJ consider the requirements of a claimant's past relevant work:

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.

SSR 82–62, at *3. In this case, the ALJ had no "detailed description of the work," other than that derived from Ms. Thammasuvimol's written statements about the work she had performed in the past. Because the ALJ apparently concluded that she could not perform that particular position, he had no "detailed description of the work" as generally performed. Without that description, the ALJ has not provided sufficient information to permit review to determine whether his conclusion that Ms. Thammasuvimol could work as a customer service representative was supported by substantial evidence. Accordingly, remand is appropriate.

For the reasons set forth herein, Ms. Thammasuvimol's motion for summary judgment (ECF No. 13) and Defendant's motion for summary judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge